# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) ALTO INGREDIENTS, INC., ) ) Defendant. ) ) | CIVIL ACTION NO. 1:24-cv-01269 <br><br> **C O M P L A I N T** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to an individual who has been adversely affected by such practices. As alleged with greater particularity below, Alto Ingredients, Inc. ("Alto" or "Defendant") has discriminated against one of its employees ("Aggrieved Individual") when it discharged him because of his disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of Illinois.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant manufactures alcohols, proteins, specialty feed and food products, low carbon renewable fuel, and carbon dioxide.

5. Defendant's Pekin, Illinois campus operates as an integrated facility with two dry mill distilleries, a wet mill distillery, and specialized yeast production.

6. At all relevant times, Defendant, Alto, a Delaware-registered corporation with its principal office in Illinois, has continuously been doing business in the State of Illinois and the City of Pekin, and has continuously had at least 15 employees.

7. At all relevant times, Alto has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

8. At all relevant times, Alto has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEDURES**

9. More than thirty (30) days prior to the institution of this lawsuit, EEOC Charge No. 440-2021-02069 was filed with the Commission alleging a violation of Title I of the ADA by Alto.

10. On July 18, 2023, the Commission issued to Alto a Letter of Determination finding reasonable cause to believe that Alto violated the ADA by discharging the Aggrieved Individual because of his disability.

11. The Commission invited Alto to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The Commission engaged in communications with Alto to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Alto a conciliation agreement acceptable to the Commission.

14. On April 23, 2024, the Commission issued to Alto a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

16. Since at least January 14, 2021, Alto has engaged in unlawful employment practices at its facilities in Pekin, Illinois campus, in violation of Title I of the ADA, 42 U.S.C. § 12112(a). These practices include discharging the Aggrieved Individual because of his disability. In particular:

a. The Aggrieved Individual is an experienced electrician and U.S. Navy veteran.

b. His time in the military left him with sciatica, a back condition resulting from damage to the sciatic nerve and causing pain, inflammation, and mobility issues.

c. The Aggrieved Individual was hired by Alto (then known as Pacific Ethanol, Inc.) as an electrician on or about October 14, 2020.

d. The Aggrieved Individual disclosed his disability to Alto during his job interview.

e. The Aggrieved Individual identified himself as "disabled" and "Special Disabled Veteran" on his onboarding paperwork.

f. The Aggrieved Individual successfully passed Alto's pre-hire medical examination.

g. On or about October 14, 2020, the Aggrieved Individual passed a Job Task Assessment that specifically evaluated his abilities to climb ladders, to climb stairs, and to walk a quarter mile.

h. The Progress Note associated with the Job Task Assessment stated that the Aggrieved Individual demonstrated the minimum functional abilities to qualify for the job for which Alto hired him.

i. When Alto hired the Aggrieved Individual, it considered him to be qualified for the job.

j. The Aggrieved Individual is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

        Specifically, the Aggrieved Individual has sciatica and is substantially limited in the major life activities of walking and standing and/or Alto regarded the Aggrieved Individual as having a disability by subjecting him to an adverse employment action, terminating him, because of an actual or perceived impairment.

    k.    The Aggrieved Individual successfully performed all electrician work tasks assigned to him by Alto.

    l.    Alto praised the Aggrieved Individual for his technical ability as an electrician and for his troubleshooting skills.

    m.    On or about January 14, 2021, Alto discharged the Aggrieved Individual because of his disability, citing concerns related to his disability.

17.    The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect his status as an employee, on the basis of disability.

18. The unlawful employment practices complained of above were and are intentional.

19. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of the Aggrieved Individual.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Alto, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA.

5

  B. Order Alto to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Alto to make the Aggrieved Individual whole by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Alto to make the Aggrieved Individual whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

  E. Order Alto to make the Aggrieved Individual whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F. Order Alto to pay the Aggrieved Individual punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  G. Order Alto to pay the Aggrieved Individual prejudgment interest.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint that do not relate solely to equitable relief.

Dated August 5, 2024

                                                             Respectfully submitted,

Karla Gilbride
General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

Gregory Gochanour
Regional Attorney

Justin Mulaire
Assistant Regional Attorney
EEOC Chicago District Office

Greger Calhan
Trial Attorney
EEOC Minneapolis Area Office
330 Second Ave. S., Ste. 720
Minneapolis, MN 55401
Phone: (612) 552-7323
Email: greger.calhan@eeoc.gov

<u>/s/ Anne Gallerano</u>
Anne Gallerano
Trial Attorney
EEOC Chicago District Office
230 S. Dearborn St., Ste. 2920
Chicago, IL 60604
Phone: (312) 872-9669
Email: anne.gallerano@eeoc.gov