E-FILED
Friday, 28 November, 2025  11:35:04 AM
Clerk, U.S. District Court, ILCD

D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn
Suite 2920
Chicago, IL  60604
Chicago Direct Dial:  (312) 872-9777
Legal Fax:  (312) 588-1494
Website:  www.eeoc.gov

<u>**VIA ELECTRONIC MAIL**</u>

March 10, 2025

Mr. Matthew J. Durket
Law Office of Matthew J. Durket, APC
2201 Francisco Dr., Ste. 140-272
El Dorado Hills, CA 95762

The EEOC is writing pursuant to FRCP 37 to address certain deficiencies and other concerns with Defendant's January 6 responses to the EEOC's discovery requests.

### 1.  <u>Requests for Production</u>

As a global matter, the EEOC requests that you amend your responses to identify which produced documents are responsive to which document requests as requested in instructions for Plaintiff's First Interrogatories and Requests for Production.  Additionally, for each request where you have raised objections, please state whether Alto is withholding any documents based on the asserted objections. For requests where you invoke privilege, please provide a log of documents withheld and the basis for asserting privilege.

<u>Document Request No. 1</u>:  Please update this request to state which produced documents correspond to which Interrogatory.

<u>Document Request No. 5</u>:  This request seeks relevant documents about Alto's size, structure, and organization.  As Alto is a publicly traded company, responsive documents that outline the organizational structure of Defendant should be readily available.  The request is not vague or ambiguous; it provides a description of the information that the requested documents should contain.  If it will address Defendant's overbreadth objection, the EEOC would be willing to narrow this request to Defendant's Pekin, Illinois facility and any organizational components in other locations that have any role in employment matters at that facility.  Please advise us if Defendant would agree to respond fully to the request if it is narrowed in that way.

<u>Document Request No. 6</u>:  This request seeks documents describing the job duties of individuals identified in your Rule 26(a) disclosures.  The EEOC disagrees with Alto's objection that the request is ambiguous or overbroad – job descriptions for some positions are available on Alto's website, and others are already included in your production (Alto Prod_0073-81).  If it will address Defendant's overbreadth objection, the EEOC would be willing to narrow the request to the listed positions at Defendant's Pekin, IL, facility.  Please advise us if Defendant would agree to respond fully to the request if it is narrowed in that way.

Document Request No. 7:  This request asks for documents relevant to Alto's procedures for receiving and investigating complaints of discrimination.  This is a request for relevant documents on an issue central to this litigation and is not vague or overbroad, as Defendant contends.  If it will address Defendant's overbreadth objection, the EEOC would be willing to narrow the request to complaints of disability discrimination. Please advise us if Defendant would agree to respond fully to the request if it is narrowed in that way, and a log of withheld documents and the basis for withholding.

Document Request No. 9:  This request seeks employment records for the five individuals named in Alto's disclosures.  This is not a vague, ambiguous, or overbroad request – the individuals are identified by Alto as having relevant knowledge and were involved in the employment decision central to the dispute.  However, the EEOC agrees to tailor this request by removing "medical records, leave records . . . attendance records, [and] time sheets" from the documents sought.

Alto's objection that the "request seeks private information which is protected from disclosure" is not well-founded.  The objection does not identify what information is protected, the basis for the purported protection, or whether any documents have been withheld.  As a result, this objection is waived (as are similar objections to Requests 12, 18, and 19).  Additionally, "private information" is not exempt from discovery, and the Court's protective order is adequate to protect confidential information.   See Peterson v. Wright Med. Tech., Inc., No. 11-1330, 2013 WL 655527, at *2 (C.D. Ill. Feb. 21, 2013) ("To the extent confidential information is sought, the protective order in place in this case is adequate to protect the confidentiality.").

Please provide a complete response and production to this narrowed request, along with a log of withheld documents and the basis for withholding.

Document Request No. 11:  This request seeks "documents, information, or data regarding Mark Butcher."  In response, Alto states that it will produce all non-privileged documents.  However, the production does not appear to contain any electronic communications (such as emails, texts, messages, etc.) or any communications between Alto employees, as would be expected in the normal course of business.  Please conduct a reasonable search for responsive electronic documents and produce them or confirm that Defendant does not have any such documents.  To facilitate production, the EEOC suggests that the parties' counsel confer about ESI and search protocols at your convenience.

Document Request No. 12:  This request seeks documents regarding Defendant's handling of disability accommodation requests.  Contrary to Defendant's objection, the request is not vague or overbroad, as Alto's EEO policy specifically provides for written reports based on investigation and collection of relevant information (Alto Prod_0070-71).  Additionally, as explained above (discussing objections to Request 9), "privacy" concerns are not an adequate basis to refuse production.

Please respond with an updated production, with a log of any withheld documents and the basis for withholding.

Document Request No. 14:  There appear to be documents missing from this production, for instance, the materials you reference in your response to Interrogatory No. 8 (online training courses, in person formal training/handbook review, workplace postings etc.).  Please conduct a search for additional responsive documents and update your response and production accordingly.

Document Request No. 15:  There appear to be documents missing from this production. For instance, produced documents refer to a "Union Employee Handbook" (Alto Prod_0037), but the handbook itself has not been produced in its entirety. Please conduct a search for additional responsive documents and update the response and production.  Additionally, the policy and procedure documents Alto produced (at Alto Prod_0070-71) have an effective date of 2007.  Kindly confirm that these are indeed the versions of these documents currently in effect. If more recent versions of these policies exist, please produce them.

Document Request No. 17: Defendant raises multiple objections, but states that it will produce responsive documents.  Please confirm that no documents are being withheld on the basis of these objections.  If documents are being withheld, please log the documents along with the basis for withholding.

Document Request No. 19:  This request seeks documents relating to the claims and defenses in this litigation, tracking the language of Rule 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."). None of the listed objections are a valid basis for refusing to produce responsive, non-privileged documents.  Accordingly, please made a full production of all relevant, non-privileged responsive documents, with a log of withheld documents describing the document and basis for withholding.

Document Request No. 20:  Because the EEOC is seeking punitive damages, information regarding Alto's financial condition is relevant and discoverable. See Donald v. Wexford Health Sources, Inc., 266 F. Supp. 3d 1097, 1102 (C.D. Ill. 2017) ("[T]he financial condition of a corporate defendant may ordinarily be considered when assessing punitive damages."); Follis v. Mem'l Med. Ctr., No. 08-3056, 2010 WL 431920, at *2 (C.D. Ill. Jan. 29, 2010) ("[A] plaintiff seeking punitive damages is allowed to present evidence of the defendant's wealth.") (citing Kemezy v. Peters, 79 F.3d 33, 34–36 (7th Cir.1996)).  Additionally, as a publicly traded company, responsive documents are readily available. Please update your response and production accordingly.

Document Request No. 21:  There appear to be documents missing from this production, for instance, collective bargaining agreements, union handbooks, and grievance procedures for unionized Alto employees. Please update the production to include all responsive documents.

Document Request No. 23:  As described above (in response to Request 20), information about Alto's financial condition is relevant and discoverable.

2. **Interrogatories**

Interrogatory #1: Alto's Answer No. 1 is deficient. Answer No. 1 fails to provide the identified individuals' relationships with Alto. This response needs to be supplemented to be useful.

Interrogatory #2: Alto's Answer No. 2 is deficient. This interrogatory requests a list of electricians and their supervisors who were employed by Alto at any time from January 1, 2020, to the present, along with basic information about their employment (job title(s), date of hire, date of and reason for separation). Alto correctly does not object to the relevance of the interrogatory, but it objects that it is vague, ambiguous, and overbroad, and that the interrogatory requests "private information which is protected from disclosure." While Alto provides the names of Mike Perfetti, Don Archdale, and Mike Galloway, it fails to provide the requested information about their employment and fails to identify any other electricians and supervisors within the scope of the request.  The EEOC disagrees that the request is vague or ambiguous in any respect.  To the extent that such basic information is private, that alone is not a basis for failing to disclose it, especially where a protective order is in place to protect legitimate confidentiality needs.  The EEOC also disagrees that the request is overbroad.  Information about potential comparators and their supervision is routinely produced in employment discrimination litigation and is relevant in a disparate treatment case.  Nevertheless, to address Alto's objection, the EEOC will narrow the scope of this request to electricians and supervisors who were employed at Alto's Pekin, Illinois facility.   We request that you supplement your response.

Interrogatory #3: Alto's Answer No. 3 is deficient. The EEOC's Interrogatory No. 3 requests the number of Alto's employees from January 1, 2020 to present. Such a request is neither vague, ambiguous, or overbroad. The request is relevant, necessary, and proportional to the needs of the case. Please supplement Alto's Answer No. 3.

Interrogatory #5: Answer No. 5 is deficient. Answer No. 5 provides the names of six individuals but does not include the following: (1) a description detailing what knowledge or information each individual has; and (2) their dates of employment. Please supplement Answer No. 5 to include this information.

Interrogatory #6: This interrogatory requests identification of each person from whom Alto has obtained a statement, affidavit, or the like, concerning any person or event related to any claims or defenses in this case, and a description of the statement. In addition to its objections, Alto provides "Interview statements of Mike Perfetti and Don Archdale provided to Plaintiff during the investigation, as well as the contents of Mark Butcher's personnel file (previously provided)."

Please confirm that Alto conducted no other investigation that involved obtaining any oral or written statement from any other witness concerning Alto's decision to discharge Mr.

Butcher or concerning the claims or defenses in this action. If that is not the case and Alto has obtained additional oral or written statements from any witness, please supplement your answer.

Interrogatory #7: Answer No. 7 is deficient. Similar to Answer No. 5, this interrogatory should be supplemented to describe any investigation if one occurred.

Interrogatory #9: Alto's Answer No. 9 is deficient as it fails to provide information about the identified individuals, specifically, it fails to include a summary of each identified individual's knowledge. Please supplement this response.

3. **RFAs**

Regarding your RFA responses generally, please revise the responses to remove additional statements or assertions beyond the "admit" or "deny" called for by Rule 36.

RFA 1:  Please revise this response to "admit" or "deny."  Narrowing issues is an appropriate use for RFAs, here, whether Alto does or does not contest that the EEOC fulfilled its pre-suit administrative prerequisites.  Although the RFA involves an "application of law to fact," this is a valid request per Rule 36(a)(1)(A) The RFA is not vague, does not call for expert witness disclosure, and does not require disclosure of privileged communications.

RFA 2-4: Revise these responses to "admit" or "deny."  Each of these RFAs refers to an affirmative defense asserted in Alto's Answer.  As mentioned above, it is appropriate to use RFAs to narrow issues by identifying whether there are disputed legal or factual issues regarding these affirmative defenses.  It is not a valid objection to state that the request "seeks a legal conclusion from a lay person" – RFAs may seek admissions on the application of law to fact (see Rule 36(a)(1)(A).

RFA 5-6:  Please revise these responses by removing language that attempts to rephrase or qualify the facts admitted.

RFA 7-8:  Please limit these responses to stating that Alto lacks information necessary to admit or deny the statements.

RFA 11: Revise this response to "admit," "deny," or "lacks information," without additional qualifying language or assertions.

RFA 13-14:  These responses are phrased ambiguously; it is not clear whether you are admitting the matters set forth by the EEOC and then offering additional information, or if you are admitting the additional information and not responding to the matters set forth by the EEOC. Please revise these responses to clearly indicate whether Defendant is admitting or denying the statements set forth by the EEOC.

RFA 22:  This Request refers to specific feedback that Alto either did or did not provide to Mark Butcher.  It is not vague, ambiguous, or overbroad to ask Alto to admit or deny providing that feedback.  Please revise this response to "admit," "deny," or "lacks information."

RFA 25-26:  This Request asks for admission or denial of this statement: "Defendant did not conduct any test of Butcher's ability to climb stairs or ladders in December 2020."  It does not ask about Alto's general observations of Mark Butcher performing his ordinary work duties. Please revise this response to "admit" or "deny," without alteration or rephrasing of the statement being admitted or denied.

We request that Defendant update its responses and production as described above or, if Defendant objects to doing so then we would like to set up a time to confer about these matters by phone.  In the latter event, please let us know if you are available later this week or next.

Additionally, we would like to propose depositions dates for Mike Perfetti and Dan Archdale. Would May 28 and June 4 work for you and the witnesses?

Respectfully,

/s/ Greger Calhan

Greger Calhan
Trial Attorney
EEOC Minneapolis Area Office
330 Second Ave. S., Ste. 720
Minneapolis, MN 55401
Phone: (612) 552-7323
Email: greger.calhan@eeoc.gov