E-FILED
Thursday, 11 December, 2025  02:41:21 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    *Plaintiff,*

v.

ALTO INGREDIENTS, INC.,

    *Defendant.*

Case No. 1:24-cv-01269-JEH-RLH

## ORDER

This is a straightforward age discrimination case arising out of Defendant Alto Ingredients, Inc.'s (Alto) termination of one of its employees, an electrician. The U.S. Equal Employment Opportunity Commission (EEOC) brought suit on the employee's behalf by filing a complaint in this Court in August 2024. Discovery commenced three months later, and several discovery disputes have arisen since. The most recent dispute involves two of the EEOC's requests for production of documents. According to the EEOC, Alto has failed to (1) produce "any employee files, personnel documents, or other materials" responsive to the EEOC's ninth request for production; and (2) supplement its production to the EEOC's eleventh request for production. A hearing was held on September 15, 2025, but no resolution was reached. The Court thus established a briefing schedule, which set an October 16, 2025, deadline to file motions to compel, and an October 27, 2027, deadline to file responses. The next day, the EEOC filed a motion to stay this case in light of the government shutdown, which

the Court granted, explaining that "all pending deadlines . . . will be extended for the same number of days as the EEOC's lapse in funding." (Doc. 19.)

Nearly two months later, the EEOC filed a motion to compel. (Doc. 20.) That motion is the subject of this Order. The EEOC explains that the lapse in appropriations lasted forty-three days, which automatically extended the motion to compel deadline to November 28, 2025. The Court agrees and finds that the EEOC's motion to compel was timely. The problem, however, is that no motion to lift the stay was ever filed, and the EEOC's motion to compel is silent on the matter. Accordingly, the Court will construe the EEOC's motion to compel as an implicit request the lift the stay, which will be granted.

Because the EEOC's motion to compel was filed on November 28, 2025, Alto's formal deadline to respond to it was December 9, 2025. *See* Civil LR 7.1(B)(2). To date, Alto has not responded. The Court is therefore entitled to "presume there is no opposition" to the EEOC's motion and "rule without further notice to the parties." *Id*. And a look at the EEOC's motion demonstrates that the relief it requests is very likely appropriate. It requests (1) documents in Alto's control that refer or relate to Mark Butcher (the terminated employee); and (2) documents that support Alto's initial disclosures—i.e., performance reviews, disciplinary actions, and the like. (Doc. 20-1 at 4.) These requests are calculated to lead to discoverable information, and it appears that Alto has already admitted as much. *See* Fed. R. Civ. P. 26(b). Given Alto's conduct in discovery thus far, the EEOC also requests that Alto conduct a thorough search for documents and sign a certificate of completeness.

The procedural irregularity of this case, however, gives the Court pause. Indeed, the Court is hesitant grant the EEOC's request outright without first hearing from Alto. True, a litigant's right to respond to an adverse party's motion is waivable—and perhaps Alto has waived that right here. But this case was previously stayed (and until the date of this Order remained stayed); it was unclear how long the stay would last; and, until the EEOC filed its motion, it was unclear how the stay affected the Court's previous briefing schedule. So the Court will schedule the EEOC's motion for a hearing.

## CONCLUSION

IT IS THEREFORE ORDERED that the stay of this case is lifted. A hearing on the EEOC's Motion to Compel is SET for December 22, 2025 at 9:00 a.m. via telephone before Magistrate Judge Ronald L. Hanna. The parties are directed to dial 551-285-1373 and then enter 16095893703#. Finally, the parties are ORDERED to jointly submit, within two weeks of this Order, an amended scheduling order that details the remaining case deadlines in light of the stay being lifted.

*So ordered.*

Entered this 11th day of December 2025.

s/ Ronald L. Hanna
_____
Ronald L. Hanna
United States Magistrate Judge

3