UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>ALTO INGREDIENTS, INC.,<br><br>*Defendant.* | Case No. 1:24-cv-01269-JEH-RLH |

## ORDER & OPINION

This is a routine discovery dispute: the plaintiff wants more information than the defendant is willing to give. The plaintiff here is the EEOC who, on behalf of Mark Butcher, has sued Alto Ingredients, Inc.—Butcher's former employer. The EEOC claims that Alto violated the Americans with Disabilities Act when it terminated Butcher in January 2021 on account of his disability.

At issue are two document requests the EEOC made to Alto in November 2024. The first asks Alto to provide personnel files—not of Butcher, but of each employee who was involved in the decision to fire him. The second asks for all documents in Alto's possession that "refer or relate" to Butcher. For the reasons explained below, the EEOC's Motion to Compel, (Doc. 20), is GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes familiarity with the facts. In short, Mark Butcher is a U.S. Navy veteran and electrician who was hired by Alto in October 2020. (Doc. 1 at 4.) According to the complaint, Butcher's sciatic nerve was injured during his time in the

Navy, causing him chronic pain, inflammation, and impairing his mobility. (Doc. 1 at 4.) When he was hired, he disclosed his condition to Alto, who nonetheless determined that he possessed the "minimum functional abilities" to work there. (Doc. 1 at 4.) Butcher worked at Alto's facility in Pekin, Illinois for about three months and received positive reviews during that time. (Doc. 1 at 4.) In January 2021, Butcher was fired for what the EEOC characterizes as "concerns related to his disability." (Doc. 1 at 4.)

After exhausting the ADA's administrative prerequisites, the EEOC filed this action in August 2024. (Doc. 1.) Alto answered the following month, (Doc. 5), and discovery commenced in October. Due to the lapse in government appropriations, the case was stayed in early October 2025. (Doc. 19.) The stay was lifted by order of this Court in December. (Doc. 21.) Along with lifting the stay, that order set the EEOC's motion to compel for a hearing and prompted the parties to file a revised discovery plan, which they did.[1] (Doc. 22.) The revised plan sets forth three deadlines: (1) a "general discovery" deadline of January 27, 2026; (2) a "limited discovery" deadline of March 31, 2026, for the parties to address an enumerated set of issues; and (3) an April 30, 2026, dispositive motion deadline. (Doc. 22 at 1–2.)

## LEGAL STANDARD

The relevant standards are well known. Federal Rule of Civil Procedure 26 lets parties discover "any non-privileged matter that is relevant to any party's claim or

---

[1] In the revised discovery plan, the parties indicated that they had "different views about the appropriate period of time for additional discovery work," but that they nonetheless "reached a compromise plan." The Court appreciates the parties' cooperation and encourages them to continue to work together to resolve discovery issues.

2

defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance in this context is "construed broadly" because the "purpose of discovery is to help 'define and clarify the issues.'" *Doe v. Loyola Univ. Chi.*, No. 18-cv-7335, 2020 WL 406771, at *2 (N.D. Ill. Jan. 24, 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). To that end, if a discovery request appears relevant, the party resisting the request bears the burden of showing it is improper. *Id.* And of course, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

The EEOC has moved to compel Alto's response to two requests for production. As drafted, the first request stretches the boundaries of even the most liberal interpretation of today's federal discovery regime. But, as discussed below, the EEOC is entitled to the personnel files of relevant decisionmakers, save their medical, financial, and sensitive personal information. The second request is more reasonable, so Alto will be required to certify that it has complied with it.

## I.   Request No. 9 Is Facially Overbroad But the Personnel Files of the Actual Decisionmakers Are Discoverable

Alto's ninth request for production—while nearly a paragraph in length—can be summarized as follows: all documents and information related to every Alto employee (past or present) identified in the parties' initial disclosures. (Doc. 20-1 at 4.) The request clarifies that it includes the employees' medical records, leave records, rate of pay, and employment applications. On its face, this request is strikingly broad:

3

It would reach hundreds (or, more likely, thousands) of documents that have nothing to do with this case.[2]

Before discussing the request, however, the Court first turns to Alto's contention that the EEOC's motion to compel is procedurally improper. Under Federal Rule of Civil Procedure 37, motions of that kind cannot be filed until "the movant has in good faith conferred or attempted to confer with the . . . party failing to make disclosure." Fed. R. Civ. P. 37(a)(1). Likewise, this Court's standing order requires parties to engage in an informal, pre-motion discovery conference before filing motions to compel.[3] On Alto's telling, the parties discussed Request No. 9, after which Alto proposed limiting the request to disciplinary records associated with the relevant employees.[4] Before receiving a response from the EEOC, this motion followed. Alto contends that the EEOC's failure to engage in further discussion "suggests that the EEOC's motion is procedurally defective because it failed to abide

---

[2] For those interested, here is the request in its entirety:

> Produce all documents, information, or data regarding for [sic] any employee or former employee identified in Plaintiff's or Defendant's initial disclosures, including but not limited to the following: applications, performance evaluations, documents relating to personnel actions, actual and proposed disciplinary actions, records of reprimands (written or oral), medical records, leave records, records of commendations or awards, rate of pay, training, attendance records, time sheets, job titles, and job assignments.

(Doc. 20-1 at 4.)

[3] *See* Hon. Ronald L. Hanna, *Civil Standing Order* (effective Oct. 28, 2025), https://www.ilcd.uscourts.gov/sites/ilcd/files/local_rules/Hanna%20Standing%20Order%20Oct.%2020 25%20V.2.pdf. To be sure, no pre-motion conference occurred before the EEOC filed its motion to compel, the reason being that the Court amended its Standing Order only *after* a hearing was held. (*See* Minute Entry dated Sep. 15, 2025.) That hearing, in turn, was initiated under the procedures set forth under the Court's previous standing order, which required parties to file a request for a hearing on the docket. The EEOC complied with that procedure. (Doc. 15.) Moving forward, however, the Court expects the parties to adhere to the new procedures, which can be found at the link in this footnote. For this reason, the Court denied without prejudice Alto's request for a hearing to discuss the parties' dispute over the deposition of J'ana Diamond. (*See* Text Order dated Jan. 6, 2026.)

[4] According to Alto, no such records exist.

4

by the collaborative approach to discovery envisioned by" Rule 37. (Doc. 23 at 6.) The Court, of course, encourages parties to collaborate with an eye toward resolving discovery disputes informally. But given that the parties did meet and confer once, and that two hearings were held—in September 2025, and later in December 2025—the Court finds that Rule 37's meet and confer requirement has been satisfied. *See Jones v. Hamilton Cnty. Sheriff's Dep't*, No. IP02-0808, 2003 WL 21383332, at *2 (S.D. Ind. June 12, 2003) (rejecting identical argument because "[t]o deny the motion to compel without prejudice, and to require further briefing 'would be futile and expensive.'" (quoting *Kobelco Metal Powder of America, Inc. v. The Energy Co-op., Inc.*, No. IP01-0051, 2001 WL 1397311, at *1 – 2 (S.D. Ind. Oct. 30, 2001))).

The difficulty now is determining whether and to what extent the EEOC's ninth request has been limited by agreement of the parties. The EEOC characterizes its request as merely asking for "the personnel files of decision-makers" that were involved in the termination of Butcher. (Doc. 20 at 7.) It also maintains that the scope of the request has been limited "to exclude medical records, financial information, or information about family members." (Doc. 20 at 8.) These concessions dramatically narrow the EEOC's request: at first, it was *all information* regarding *all employees* identified in the parties' initial disclosures; now, it's *personnel files* of only those employees who had a *hand in the decision* to terminate Butcher. The Court also

understands the EEOC to concede that medical, financial, and sensitive personal information need not be disclosed.[5]

Thus limited, the request is reasonable. The EEOC directs the Court's attention to a line of cases in the Seventh Circuit recognizing that "plaintiffs in employment discrimination cases" are generally entitled "to discover the personnel files of decision makers." *Speller v. Am. Assn. of Neurological Surgeons*, No. 20-cv-1983, 2021 WL 2186182, at *3 (N.D. Ill. May 28, 2021) (collecting cases). *But see Cason v. Builders FirstSource-Southeast Grp., Inc.*, 159 F. Supp. 3d 242, 247 (W.D.N.C. 2001) ("[T]here is a strong public policy against the public disclosure of personnel files."). That said, courts also recognize that "personnel files contain sensitive information about" employees that is often irrelevant to the plaintiff's claims—information like "health benefits, retirement benefits, and beneficiary designations." *Barnes-Staples v. Murphy*, No. 20-cv-3627, 2021 WL 1426875, at *7 (N.D. Ill. Apr. 15, 2021). For that reason, "courts have broad discretion to limit a request for the discovery of personnel files . . . to prevent the dissemination of personal or confidential information about employees." *Brunker v. Schwan's Home Serv., Inc.*, 583 F.3d 1004, 1010 (7th Cir. 2009). Often, that discretion is exercised to limit the discovery of personnel files to (1) only supervisors who were directly involved in the plaintiff's termination and (2) exclude sensitive information. *Cf. id.*; *see also Little v. Dep't of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004) (explaining that

---

[5] The request thus narrowed is consistent with counsel's statements at the December 19, 2025, hearing, in which the EEOC represented that Request No. 9 sought "personnel files of decisionmakers involved in the termination decision as identified in defendant's disclosures." Oral Argument at 2:11, *EEOC v. Alto Ingredients, Inc.*, No. 1:24-cv-01269.

evidence relating to a supervisor not involved in the adverse employment action "sheds no light" on the plaintiff's claims); *Barnes-Staples*, 2021 WL 1426875, at *6 ("[E]vidence of animus from a co-worker or supervisor 'who was not involved in making an employment decision has no bearing on the ultimate issue: whether the decision was the result of discrimination.'" (quoting *Hall v. City of Aurora*, No. 6-cv-6011, 2008 WL 4877156, at *10 (N.D. Ill. June 13, 2008)).)

Like those courts, this Court thinks it sensible to limit the EEOC's request to "personnel files of decisionmakers involved in the termination," with the caveat that no medical, financial, or sensitive personal information need be disclosed. The request is obviously relevant because "the files sought are those of employees whose action or inaction has a direct bearing" on the EEOC's claims. *Cason*, 159 F. Supp. 3d at 247. By the same token, Alto need not produce any medical, financial, or sensitive personal information contained in those files. This limitation addresses Alto's primary objection to the EEOC's request—that "personnel files contain sensitive personal information deserving of special protection." (Doc. 23 at 4.)

Alto also objects on the ground that "the EEOC's request for complete personal files is . . . overly broad." (Doc. 23 at 6.) As initially drafted, the Court agrees. But as limited by this Order, Alto's objection fails. The documents generated by Alto concerning employees whose "action or inaction" led to Butcher's termination bears directly on the EEOC's discrimination claims. *Cason*, 159 F. Supp. 3d at 247. And those documents may well shed light on Butcher's tenure with Alto and the circumstances surrounding his termination. To the extent that Alto believes that a

particular document within the decisionmakers' personnel files is irrelevant or otherwise non-discoverable, it bears the burden of making that showing. *See Loyola Univ.*, 2020 WL 406771, at *2. Accordingly, if Alto withholds documents on relevance grounds, it must "produce the name of the file and a description of its contents" that is "sufficiently detailed so that" the EEOC can challenge the objection. *Byers v. Illinois State Police*, 2002 WL 1264004, at *13 (N.D. Ill. June 3, 2002).[6]

The final question is one the parties don't address: Who made the call to fire Butcher? The answer is important because it dictates which personnel files the EEOC is entitled to. The only names the Court can divine from the parties' briefs are Michael J. Perfetti and Larry Brent. Perfetti is an Alto employee who was "present as a note taker and possibly asked a few questions at a meeting about Mr. Butcher's termination." (Doc. 20-7 at 5.) Brent is Alto's human resources manager. (Doc. 20-6 at 2.) When asked "who decided to suspend Mark Butcher pending the recommendation to terminate," Brent responded that it "was a decision between Mike and Don and I." (Doc. 20-6 at 6–7.) Based on that testimony, then, the personnel files of those three individuals would be discoverable. Yet Perfetti testified that his involvement in the decision was limited to taking notes and "ask[ing] a few questions." (Doc. 20-7 at 5.) The Court could go on, but doing so would be futile. It simply lacks the information to conclusively determine who the decisionmakers were. The parties should therefore make that determination themselves. In doing so,

---

[6] To avoid any confusion: Alto need not provide the name and a description of documents that are being withheld from the decisionmakers' personnel files on grounds that they contain medical, financial, or other sensitive information. Rather, to the extent Alto withholds *other* documents—not because they are private, but because it believes they are irrelevant—it must inform the EEOC of that fact.

8

however, they must keep in mind that "[a] decisionmaker is the 'person responsible for the contested decision.'" *Barnes-Staples*, 2021 WL 1426875, at *6 (quoting *Schandelmeier-Bartels v. Chicago Park Dist.*, 634 F.3d 372, 379 (7th Cir. 2011)). The mere fact that person is a potential witness "is not a sufficient basis for permitting [the EEOC] to rummage through confidential and sensitive records based on nothing but the hope that something relevant will be found." *Arms v. Milwaukee Cnty.*, No. 18-cv-1835, 2020 WL 5292146, at *2 (E.D. Wis. Sep. 4, 2020). In short, the EEOC is entitled to the personnel files of employees who actually participated in the decision to terminate Butcher—not every employee who may testify, or who interacted with (or even supervised) him.

## II. Request No. 11 Seeks Relevant Information and Alto Must Conduct a Thorough Search for Documents Responsive to It

The EEOC's second request is without a doubt proper. It seeks documents in Alto's possession that "refer or relate to Mark Butcher." (Doc. 20-1 at 4.) Because Butcher's employment with Alto—and Alto's reason for terminating him—are at the heart of this case, the documents sought by the request are relevant to the EEOC's claims. *See, e.g.*, *FireBlok IP Holdings, LLC. v. Hilti, Inc.*, No. 19-cv-50122, 2021 WL 5278540, at *3 (N.D. Ill. Aug. 10, 2021) (ordering defendant to produce documents that "refer or relate" to its "decision to eliminate plaintiff's position"). Nor is the EEOC's request disproportionate to the needs of the case: Alto employed Butcher for less than four months, and the Court sees no reason why Alto would have difficulty identifying and producing documents related to Butcher that were created during that relatively short period. *Vajner v. City of Lake Station*, No. 2:09-cv-245, 2010 WL

9

4193030, at *4 (N.D. Ind. Oct. 18, 2010) ("[C]ourts generally tailor discovery requests to encompass a 'reasonable time period' both before and after the discriminatory event being alleged.").

Alto doesn't seem to dispute this. Indeed, Alto's opposition to the EEOC's motion to compel makes no mention of Request No. 11 at all. According to the EEOC, Alto has made "repeated[] assur[ances]" that it would produce documents responsive to the request. (Doc. 20 at 5.) After the deposition of Alto's human resources manager, however, the EEOC has lost all confidence in those assurances. That is because the deponent revealed the existence of an email exchange among Alto employees that bore directly on Butcher's termination—an email exchange that Alto had not, to that point, produced in discovery. Following the deposition, the EEOC promptly requested the emails, and Alto complied.

In light of Alto's oversight, the EEOC seeks a court order directing Alto to (1) "conduct a prompt and thorough search for all responsive documents"; (2) "explain its search methodology"; and (3) "produce all documents in full compliance with Rule 34 and the EEOC's requests." (Doc. 20 at 7.) Given the obvious relevance of the EEOC's discovery request, the Court finds that such an order would be appropriate.[7] *See Gudkovich v. City of Chicago,* No. 1:17-cv-8714, 2022 WL 252716, at *2 (N.D. Ill. Jan. 27, 2022) (ordering party to "provide a sworn certification attesting to the

---

[7] At the December 19, 2025, hearing, counsel for Alto represented that all emails responsive to this request have been produced. That may be so. And of course, "[c]ourts cannot compel parties to produce that which does not exist." *Jordan v. Kforce, Inc.*, No. 21-cv-04229, 2023 WL 12223476, at *2 (N.D. Ill. Feb. 28, 2023). But asking Alto to certify that it has conducted a thorough search and explain its methodology is not asking too much, particularly where Alto's previous search for documents was plainly insufficient, as was revealed during the deposition of Alto's HR manager.

10

methodology used to conduct the search" and specify which "documents turned up in the search"); *see also Hansen v. Country Mut. Ins. Co.*, No. 18-cv-244, 2020 WL 5763588, at *3 (N.D. Ill. Sept. 28, 2020) (ordering similar certification).

In ordering Alto to certify its compliance with the EEOC's discovery request, the Court emphasizes that Federal Rule of Civil Procedure 34(b)(2)(E) requires Alto to "produce documents as they are kept in the usual course of business." The EEOC reads Rule 34 to implicitly require the production of all metadata associated with electronic documents. Not so. Courts instead adhere to a "modest legal presumption in most cases that the producing party need not take special efforts to preserve or produce metadata." *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 248 F.R.D. 556, 560 (N.D. Ill. 2008) (quoting *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 643 (D. Kan. 2005)). Since the EEOC's original request made no mention of metadata, Alto's only obligation under Rule 34 is to produce responsive documents in their native form, as they are kept in the usual course of business. *See id.* (refusing to order a party to produce metadata when "[t]here was no request for metadata . . . until recently-after production").

## CONCLUSION

IT IS THEREFORE ORDERED that the EEOC's Motion to Compel, (Doc. 20), is GRANTED in part and DENIED in part. As to Request No. 9, Alto must produce the personnel files of the employee(s) involved in the decision to terminate Butcher, as limited by this Order. As to Request No. 11, Alto must (1) conduct a thorough

search for all responsive documents; (2) explain its search methodology; and (3) produce all documents in full compliance with Rule 34.

*So ordered.*

Entered this 9th day of January 2026.

                                        s/ Ronald L. Hanna
                                        Ronald L. Hanna
                                        United States Magistrate Judge