1:24-cv-01269-JEH-RLH    # 34    Filed: 04/17/26    Page 1 of 7

E-FILED
Friday, 17 April, 2026  03:00:20 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS PEORIA
DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO. 1:24-cv-01269-JEH-RLH** |
| | ) ) ) | |
| **v.** | ) ) ) | |
| **ALTO INGREDIENTS, INC.,** **Defendant.** | ) ) ) ) | |

**ALTO'S REPLY TO EEOC OPPOSITION TO MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

Plaintiff U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION's ("EEOC") opposition to

Defendant ALTO INGREDIENTS, INC. ("ALTO") Motion To Compel Production Of Documents

("MTC") is the epitome of the EEOC's action in this case to prevent Alto from obtaining relevant

and useful discovery to defend itself against this action. It is consistent with its instructions to

Investigator Diamond to neither prepare to testify at deposition nor look for any documents

requested after it failed in its attempt to prevent the deposition from moving forward.  It is part of

the EEOC's common scheme in this litigation to gain an unfair advantage.

**A.  The EEOC Has Not Produced All Documents Related To This Case.**

In this litigation, the EEOC refused to present Investigator Diamond from testifying at her

noticed deposition.  A tactic that it has employed at every turn in this litigation.  Based on the clear

1

impropriety of that strategy[1], Alto was forced to engage this court for purposes of ordering the

EEOC production of Investigator Diamond.  On February 5, 2026, this court held a status/pre-

motion discovery conference which gave the EEOC little choice but to produce Investigator

Diamond.

Having lost the battle, the EEOC did the next best thing, and instructed Investigator

Diamond not to review the file so that she would not be able to provide meaningful testimony.

For most of her deposition she complied with that strategy of not being able to remember.

Notwithstanding that tactic however, after being shown a log from the file, Investigator Diamond

did testify that she had a follow up conversation with Mr. Butcher on December 20, 2022 and

noted it in the file.  Because she was instructed not to look at the file, Alto was thwarted from

determining whether or not her notes were in the file or with her.  She indicated that she believed

she did write notes from a conversation with Mr. Butcher, but no notes were provided.

Now the EEOC contends it has produced all of the file, but noticeably absent are any notes

by Investigator Diamond.  Essentially, after two attempts to prevent discovery from Investigator

Diamond, the EEOC is saying this court should "take our word for it".  However, after Alto's current

motion has highlighted the clear existence of these notes, and after the EEOC filed its Opposition, it

sent a document titled "Conciliation Privilege Log" which confirms the existence of notes by

Investigator Diamond.  That document includes notes that <u>pre-date</u> the determination letter, <u>pre-</u>

<u>date</u> Investigator Diamond first mention of conciliation between the parties (August 3, 2023) and

after conciliation formally ended (April 23, 2024)[2].

---

[1] (*See, EEOC v. Alberton's LLC*, 2007 U.S. Dist. LEXIS 32003, 2007 WL 1299194, at *1 (D. Colo. May 1, 2007) (defendants need not be "content with the EEOC's investigation file," as answers to questions properly posed "may or may not be in the investigation file, or the information in the investigation file may not be complete.")

[2] Interestingly, the Privilege Log includes communications withheld that were sent to Alto ("EEOC notice of unsuccessful conciliation issued to Respondent").

Additionally, although EEOC pleaded with this court for order against Alto requiring it to "(1) conduct a prompt and thorough search for all responsive documents; (2) explain its search methodology; and (3) produce all documents in full compliance with Rule 34", the EEOC has failed to do the same. Specifically, it has improperly withheld documents and even the documents it produced were not produced as required by Federal Rule of Civil Procedure 34(b)(2)(E) "as they are kept in the usual course of business." Investigator Diamond testified as follows:

> Q. And then there's the activity log. Can you think of any other tab that you input data into? Oh, you said documents as well, but anything other than that in the Arc system that you put in for an investigation. A . Yes.
> Q. What is it? A. There are a lot of tabs. There's an allegations tab. There's an information tab. There's an enforcement tab. There's a bunch of tabs. (Pgs. 77-78)

Notwithstanding this testimony, no tabs or labels or information was produced by the EEOC which corresponded with the ARC system labels.

### B. Mr. Butcher's Previous Complaints Are Not Protected From Disclosure.

In most cases, no valid argument exists to shield the prior discrimination complaints from discovery. Fed. R. Civ. P. 26(b) governs the scope of discovery. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). "When faced with questions over, or disputes about, what information or documents may be obtained based on their relevancy, it is axiomatic that the trial court is afforded broad discretion to determine the boundaries of inquiry." *Janko Enters. v. Long John Silver's, Inc.*, No. 3:12-cv-345-S, 2013 U.S. Dist. LEXIS 135107, 2013 WL 5308802, at *2 (W.D. Ky. Aug. 19, 2013) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.1981)).

In cases prosecuted by the EEOC there are specific rules of what can be disclosed. Alto concedes that Title VII expressly prohibits the EEOC from disclosing to a third party any information obtained during an EEOC investigation of a charge. (*EEOC v. Luihn Food Sys.*, No. 5:09-CV-387-D, 2011 U.S. Dist. LEXIS 13911, at *18 (E.D.N.C. Feb. 11, 2011). However, the EEOC has not demonstrated that the prior complaints of Mr. Butcher against another employer resulted in an **"investigation of a charge."** This is critical to attempts to prevent disclosure.

> "First, 42 U.S.C. § 2000e-8(e) protects "information obtained by the Commission pursuant to its authority under this section." 42 U.S.C. § 2000e-8(e). This "section" only grants the EEOC investigative powers **"[i]n connection with any investigation of a charge** filed under section 2000e-5 of this title." *Id.* § 2000e-8(a), The EEOC takes great pains in its briefing to distinguish—without citation to any statutory authority for doing so—between a "charge" and an "inquiry" made through the online portal. Yet it cited the Court only to a provision protecting the information obtained during the investigation of a "charge" not an "inquiry." Additionally, the EEOC did not assert that it did an "investigation" of the March 2020 inquiry beyond speaking to Barnett-Morgan so it is unlikely it possesses any information beyond that provided by her. It is unclear to the Court that any information in the EEOC's possession related to the March 2020 inquiry was obtained pursuant to 42 U.S.C. § 2000e-8(a) as required. (*Barnett-Morgan v. Inverness Techs., Inc.*, No. 3:22-CV-00301-DJH-CHL, 2024 U.S. Dist. LEXIS 134244, at *9 (W.D. Ky. July 30, 2024))

While *Barnett-Morgan v. Inverness Techs., Inc.*, involved an "inquiry" by the charging party, the analysis of the authority of the statute is equally applicable to *whatever* the EEOC is holding related to Mr. Butcher and his former employer. As such, the EEOC should be ordered to review its records for the inquiry/complaint or investigation of his prior contact with the EEOC. Those documents should be either (1) produced directly to Alto, or (2) should be examined by this court after the EEOC produce the name of the documents and a "description of its contents" that is "sufficiently detailed so that" the Alto can challenge the objection. *Byers v. Illinois State Police*, 2002 WL 1264004, at *13 (N.D. Ill. June 3, 2002).

4

**C.      Investigator Diamond's Personnel File Is Relevant And Discoverable.**

Alto is entitled to the documents in Investigator Diamond's personnel file that relate to "discipline, evaluation, review or training."  As this court noted in the EEOC's similar motion for personnel files, "The request is obviously relevant because the files sought are those of employees whose action or inaction has a direct bearing" on the EEOC's claims. (citing *Cason*, 159 F. Supp. 3d at 247.). Alto's decisionmakers and Investigator Diamond, who was a percipient witness to interviews and information, is a distinction without a difference.  Both will be called as witnesses in this case and both will be subject to attacks on their credibility, bias and impeachable inconsistencies.

Executed this 17th day of April, at El Dorado Hills, California.

Respectfully Submitted,

By: /s/ Matthew J. Durket
Matthew J. Durket
2222 Francisco Drive, No. 220-272
El Dorado Hills, California 95762
mjd.law@me.com
916-941-5291
Attorneys for Defendant,
Alto Ingredients, Inc.

## CERTIFICATE OF SERVICE

I certify that on April 17, 2026, I caused the following documents (Alto's Reply To

EEOC Opposition To Motion To Compel Production Of Documents) to be filed electronically

and served on the Plaintiff EEOC through its counsel, at the email address stated below.

Justine Mulaire
Anne Gallerano
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago IL 60604
Phone: (312) 872-9669
Email: justine.mulaire@eeoc.gov
    anne.gallerano@eeoc.gov


Greger B. Calhan
**Equal Employment Opportunity Commission**
Minneapolis Area Office 330 2nd Ave S #720
Minneapolis MN 55401
Phone : (612) 552-7323
Email:greger.calhan@eeoc.gov

/s/ Matthew J. Durket
Matthew J. Durket
2222 Francisco Drive, No. 220-272
El Dorado Hills, California 95762
mjd.law@me.com
916-941-5291
Attorneys for Defendant,
Alto Ingredients, Inc

6