## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    *Plaintiff,*

v.

ALTO INGREDIENTS, INC.,

    *Defendant.*

Case No. 1:24-cv-01269-JEH-RLH

### ORDER & OPINION

Alto has moved to compel the EEOC to produce three categories of documents. The EEOC responds that it disclosed all responsive documents and withheld the rest—as federal statute required. But the Court denies Alto's motion for different reasons: two of the three categories Alto seeks are irrelevant, and the third implicates a factual dispute the Court cannot resolve. Nor does the Court reach the EEOC's privilege defense, because Alto never objected to it.

### BACKGROUND

The EEOC filed this case in June 2024 on behalf of Mark Butcher, an electrician who Alto let go three months into the job. Discovery is closed and has been for some time. Indeed, in late 2025 the Court adopted a modified, two-tiered discovery plan. (Doc. 22; Text Order dated Dec. 30, 2025.) The plan set a January 27, 2026 deadline for the close of general discovery and a March 31, 2026 deadline to conduct

discovery into "limited issues."[1] (Doc. 22.) (It is now late April.) Since then, the Court has held two hearings to address ongoing disputes over those limited issues. One of them was whether the EEOC must produce for a deposition J'Ana Diamond, the EEOC investigator responsible for handling Butcher's claims. The Court allowed Alto to move to compel the deposition, but the motion never came because the EEOC eventually agreed to produce Diamond.

The deposition was not fruitful for Alto, however, because Diamond did not prepare for it beforehand—at the instruction of the EEOC's counsel, it turns out.[2] And because Diamond's investigation into Butcher's claims took place five years before the deposition, she had almost no memory of it. But she did say that she may have had a "follow-up call" with Butcher, that she would probably have taken notes during that call, and that those notes would have been saved to her investigation file. Yet according to Alto, no such notes appear in the parts of Diamond's investigative file that the EEOC has disclosed.

Following Diamond's deposition, the Court held another hearing. The parties disputed whether the EEOC has withheld non-privileged documents from Diamond's investigative file. They also disputed whether Alto is entitled to Butcher's prior charges against other employers and Diamond's "discipline, evaluation, review, [and] training." These issues were not resolved, so the Court authorized Alto to file a motion

---

[1] Those issues were (1) "Alto's intended depositions of medical providers of Mr. Butcher"; (2) "Any deposition of EEOC investigator J'ana Diamond"; (3) "Alto's request for information and documents about charges against other employer(s)"; (4) "The EEOC's Rule 30(b)(6) deposition of Alto"; and (5) "Any other matter by agreement of the parties or for good cause shown." (Doc. 22 at 2.)

[2] The EEOC does not contest that it instructed Diamond to refrain from reviewing the file prior to her deposition, but it observes that Diamond disclosed this prior to the EEOC's opportunity to object.

to compel, which it did. (Doc. 30.) The EEOC responded, (Doc. 31), and Alto replied, (Doc. 34).

## DISCUSSION

At issue are three requests for production: Diamond's notes, Butcher's previous EEOC charges against other employers, and Diamond's personnel file. Alto's motion falls short on each. There is only the faintest reason to think the EEOC has improperly withheld Diamond's notes, so a reminder of the EEOC's discovery and professional obligations will suffice. And because Butcher's prior charges and Diamond's personnel file are irrelevant, the EEOC need not produce them.

Start with Diamond's notes. She testified that "[t]here could be" notes from an interview with Butcher, that she may have taken them during a December 20, 2022 follow-up call with him, and that she did not recall whether the call yielded relevant information. (Doc. 30 at 6.) Based on this testimony, Alto seeks an order directing the EEOC to produce Diamond's notes. The EEOC counters that no "additional, nonprivileged, unproduced notes exist." (Doc. 31 at 5.)

The crux of the parties' dispute is not whether Diamond's notes are discoverable; it is whether they exist at all. But only the parties themselves can answer that question. If what the EEOC says is true, the Court simply "cannot order parties to produce documents that do not exist." *Mayberry v. Pulley*, No. 3:23-cv-1023, 2025 WL 2450692, at *7 (N.D. Ind. Aug. 26, 2025). Alto urges the Court not to take the EEOC at its word when it says that it has produced everything in Diamond's investigation file. (Doc. 34 at 2.) But discovery is a cooperative enterprise; it only works if the parties can be trusted to exchange relevant information. *See EEOC v. St.*

3

*Michael Hosp. of Franciscan Sisters*, No. 96-cv-1428, 1997 WL 665757, at \*1 (E.D. Wis. Sept. 26, 1997). Even so, blind faith is not the only assurance that the EEOC is telling the truth when it says that it has disclosed all non-privileged documents in Diamond's file. By responding to Alto's discovery requests, the EEOC certified that its responses were "complete and correct" at the time they were made. Fed. R. Civ. P. 26(g)(1)(A). It has a continuing obligation to supplement those responses if it discovers they were incomplete. *See* Fed. R. Civ. P. 26(e). And by representing in its response that no notes exist, the EEOC's counsel has certified under Rule 11 that the representation has evidentiary support. *See* Fed. R. Civ. P. 11(b).[3] On top of all that, the EEOC's counsel represents an executive agency and, in turn, the People. Its counsel are thus "expected to adhere to the highest standards of professional behavior and to be worthy of public trust and confidence." *United States v. Johnston*, 690 F.2d 638, 643 (7th Cir. 1982). If the EEOC has relevant, non-privileged documents in Diamond's investigation file, it must produce them. But the Court will leave it at that.

In its reply, Alto observes that the EEOC has provided a "Conciliation Privilege Log" that "confirms the existence of notes by investigator Diamond." (Doc. 34 at 2.) Alto does not elaborate why that is so. More problematic, however, is that Alto's motion to compel does not challenge the EEOC's assertions of privilege over Diamond's investigative file. Throughout discovery the EEOC has maintained that, as a federal agency, certain documents in its possession are protected by federal

---

[3] The Court recognizes that it previously ordered Alto to provide a signed certification that it has produced all documents that refer or relate to Mark Butcher. Also has not asked for any similar certification here, so the Court will not order one. (*See* Doc. 30 at 8 (prayer for relief).)

4

statute. But Alto never raised the issue—not at a hearing, in its motion to compel, or in its reply. Nor did it ever assert that the EEOC's privilege log was too sparse to assess the EEOC's claims of privilege.[4] Alto has waived the argument. *See Holder v. Ill. Dept. of Corr.*, 751 F.3d 486, 493 (7th Cir. 2014).

Alto also seeks documents relating to Butcher's EEOC charges against his prior employers. It maintains that those charges are "[c]learly" relevant, (Doc. 30 at 5), because they "may bear on" Butcher's "perceptive reliability and recollection," (Doc. 30 at 7). The Court disagrees. Butcher's filing of a different charge, at a different time, against a different employer is irrelevant to his termination from Alto. To be sure, Alto is entitled to impeach Butcher if and when he takes the stand at trial. And yes, "[i]mpeachment evidence can be relevant and discoverable." *City of Chicago v. Smollett*, No. 190-cv-4547, 2020 WL 3643121, at *6 (N.D. Ill. July 6, 2020). But prior charges against different employers say nothing about Butcher's ability to perceive and accurately recall what happened at Alto.[5]

Finally, Alto seeks documents in Diamond's personnel file that relate to her "discipline, evaluation, review, or training." (Doc. 34 at 5.) But here, too, the relevance of those documents is unclear. Alto reminds the Court that it was compelled to

---

[4] The only time Alto makes a privilege argument is in its reply brief, when it challenges the EEOC's assertions of privilege over Butcher's complaints against previous employers. (Doc. 34 at 4.) But because the Court finds those undiscoverable on relevance grounds, it does not reach the question. Alto's reply brief also suggests that the EEOC did not serve a privilege log until *after* Alto filed its motion to compel. If so, then Alto can hardly be blamed for not challenging the propriety of that log in its motion. But Rule 26 requires that parties who assert a privilege "expressly make the claim" and describe the documents so other parties may assess its validity. Fed. R. Civ. P. 26(b)(5)(A). If the EEOC violated that command, Alto was required to raise that argument in its motion to compel. But it did not, so it has waived any argument that the EEOC's privilege claims were improper.

[5] Because the Court finds these documents irrelevant, it need not reach the question whether the documents are protected by 42 U.S.C. § 2000e-5(b).

produce the personnel files of its employees who fired Butcher. Because "Alto's decisionmakers and . . . Diamond" occupy a similar role in the case, Alto insists, the EEOC must produce Diamond's personnel file. (Doc. 34 at 5.) But Alto wrongly assumes that it was compelled to produce its managers' files because "personnel files" are discoverable as such. Not so. Alto's managers have "a direct bearing" on this case because Alto's liability turns on why those people fired Butcher—whether because of his disability or for some other, nondiscriminatory reason. *See* 42 U.S.C. § 12112(b) (imposing liability on entities who discriminate "because of" a person's disability). Diamond's role, by contrast, was to investigate Butcher's charges in her capacity as an EEOC employee after he was terminated. Her training and performance as an investigator are not an issue. This case is about why Alto terminated Butcher; it is not an inquisition into how the EEOC trains its employees. And after the EEOC filed suit, discovery into the EEOC's pre-suit investigation is off limits anyway. *See EEOC v. Source One Staffing, Inc.*, No. 11-cv-6754, 2013 WL 25033, at *5 (N.D. Ill. Jan. 2, 2013) (citing *EEOC v. Caterpillar, Inc.*, 409 F.3d 831 (7th Cir. 2005)).

**CONCLUSION**

IT IS THEREFORE ORDERED that the Alto's Motion to Compel, (Doc. 30), is DENIED. The documents in Diamond's investigation file are likely relevant to this case insofar as they contain factual information that Diamond gathered during the course of her investigation; assuming they are not privileged, the EEOC must disclose them. If the EEOC has already done so (as it assures the Court that it has), it need not do anything more. Butcher's complaints against other employers and Diamond's training materials are irrelevant and need not be disclosed. As stated, the operative

deadlines for discovery have all closed; the parties' dispositive motions remain due on April 30, 2026.

*So ordered.*

Entered this 27th day of April 2026.

s/ Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge

7