E-FILED
Tuesday, 23 June, 2026  12:15:42 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
    Plaintiff,

v.

ALTO INGREDIENTS, INC.,
    Defendant.

Case No. 1:24-cv-1269

### Order

Now before the Court is the Plaintiff, U.S. Equal Employment Opportunity Commission's ("EEOC") Motion to Strike (D. 40) the Defendant, Alto Ingredients, Inc.'s Motion for Partial Summary Judgment (D. 36).[1] For the reasons set forth below, the Motion is denied.

### I

The EEOC seeks to strike the Defendant's Motion for Partial Summary Judgment, and several of its exhibits, for three primary reasons: (1) the Defendant initially failed to file a supporting statement of facts; (2) the motion violates Local Rule 7.1(D)(1) by featuring disorderly citations to the non-existent facts section; and (3) the Defendant failed to disclose in discovery the affidavits it uses to support its motion. The Court will address each argument in turn.

### A

On this score, the EEOC argues that the Defendant's motion should be stricken for a failure to initially include a statement of facts. Under Local Rule

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

7.1(D)(1)(b), a summary judgment motion must include a section for "Undisputed Material Facts", which "[l]ist[s] and number[s] each undisputed material fact which is the basis for the motion for summary judgment."

The Court agrees that, upon the filing of its motion, the Defendant violated this rule. But the Court finds that this violation was cured and did not cause tangible prejudice. Specifically, the Defendant has since filed a statement of facts. (D. 42). The Defendant also explains that, evidenced by the references to the statement of facts through the motion, the failure to actually file the statement of facts was simply an oversight. Given this correction, and given the lack of any meaningful prejudice caused by the Defendant's omission, the Court does not find it appropriate to strike the motion. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (alterations omitted) (internal quotation marks omitted) ("[U]nless the district court enforces (or relaxes) the rules unequally as between the parties, the decision to overlook any transgression of the local rules is left to the district court's discretion.").

To be clear, the Court admonishes the Defendant's failure to comply with the Local Rules. But striking a motion for summary judgment is a drastic remedy that the Court declines to elect considering the Defendant has cured the error.

**B**

Here, the EEOC argues that the Defendant's motion is improper because it scatters factual assertions throughout the argument without a statement of facts. But this argument was made prior to the Defendant filing its statement of facts. Because there is now a statement of facts, this argument is denied as moot.

2

## C

Lastly, the EEOC seeks to strike the two declarations that the Defendant attached to its motion. In support, the EEOC argues that the Defendant failed to "disclose its declarations to the EEOC until it filed them as attachments to its motion, a month after the close of discovery." (D. 40 at ECF p. 5).

The Defendant argues that the first declaration is from Larry Brent III—an individual who the EEOC has already deposed both in his corporate and personal capacity. Accordingly, there is no surprising or undisclosed information presented. The second declaration is from the Defendant's counsel, which serves only to explain and authenticate the exhibits to the Defendant's motion.

The Court agrees with the Defendant that striking these exhibits is unnecessary. Had the EEOC presented a material reason for why the exhibits are prejudicial—rather than arguing only that a technical, procedural rule was violated—the Court would perhaps give more consideration to the rule violation. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (acknowledging that "litigants have no right to demand strict enforcement of local rules by district judges"). But absent prejudice or a meaningful advantage for the Defendant, the Court will exercise its discretion to permit the exhibits. *See Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 n. 2 (7th Cir. 2012) ("[D]istrict courts are entitled to considerable deference in the interpretation and application of their local rules.").

Again, the Court does not appreciate the Defendant's flouting of the Local Rules and, given this notice, the Court will not look favorably upon future Local Rules' violations. But striking the Defendant's motion for summary judgment and/or its exhibits is a severe remedy that outweighs the minimal harm. The Motion is therefore denied.

## II

For the reasons set forth above, the EEOC's Motion to Strike Defendant's Motion and Attachments for Noncompliance with Local Rule 7.1(D)(1) and this Court's Standing Order (D. 40) is denied.

*It is so ordered.*

Entered on June 23, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE