E-FILED
Tuesday, 14 July, 2026  01:16:30 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, <br><br> v. <br><br> ALTO INGREDIENTS, INC., Defendant. | Case No. 1:24-cv-01269 |

### Order

Now before the Court is the Defendant, Alto Ingredients, Inc.'s ("Alto") Motion for Leave to File First Amended Answer (D. 51).[1] The Plaintiff has agreed that it will not oppose this Motion. (D. 51-3). For the reasons set forth below, the Motion is granted.

### I

On June 29, 2026, the Court denied the Plaintiff's Motion for Partial Summary Judgment as to Alto's liability under the ADA. In doing so, the Court declined to hold that Alto has waived its right to assert a "direct threat" argument as a defense to the Plaintiff's ADA claim. Rather, the Court concluded that, "[i]f … Alto wishes to pursue this direct threat defense moving forward …, Alto must amend its operative answer and plead an affirmative defense." (D. 48 at ECF p. 8). In the pending Motion—which the EEOC does not oppose—Alto seeks to amend its operative answer and plead a "direct threat" affirmative defense.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

## II

Under Federal Rule of Civil Procedure 15(a), when seeking to amend a pleading, "leave shall be freely given when justice so requires." In the Seventh Circuit, "a district court may (though it need not) permit an untimely affirmative defense, provided the plaintiff does not suffer prejudice from the delay." *Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 731 (7th Cir. 2015) (citing *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005)).

Here, the Court sees no reason to disturb the parties' agreement that Alto be permitted to amend its operative answer and plead a direct threat affirmative defense. Given that prejudice to the Plaintiff is the linchpin of this analysis, and the Plaintiff consents to the amendment, the Court identifies no prejudice. This makes sense given that the amendment would not require additional discovery or cause delay; effectively, Alto seeks only to preserve an issue that the parties litigated at summary judgment.

Thus, because an amendment would not be prejudicial, and because the amendment would not require additional discovery or extensive litigation, Alto's motion is granted. *See Advent Elecs., Inc. v. Buckman*, 918 F. Supp. 260, 263 (N.D. Ill. 1996) (granting leave to amend answer where it would not "impose any unfair prejudice upon the plaintiff" and would not cause discovery delay); *see also Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) (granting leave to amend answer where the amendment would not cause undue prejudice and discovery would not be disrupted).

2

### III

For the reasons set forth above, Alto's Motion for Leave to File First Amended Answer to Add Direct-Threat Affirmative Defense (D. 51) is granted. The Clerk of Court shall file on the docket Alto's proposed First Amended Answer and Affirmative Defenses. (D. 51-2).

*It is so ordered.*

Entered on July 14, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE